| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

SCOTT JOHNSON,

    Plaintiff,

v.

ALI BOZORGHADAD, et al.,

    Defendants.

Case No. 17-cv-06536-SVK

**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ALI BOZORGHADAD, PARISA BOZORGHADAD, AND BAY AREA AUTO CARE, INC.**

Re: Dkt. No. 24

Plaintiff Scott Johnson filed this action for violation of the Americans with Disabilities Act and the California Unruh Civil Rights Act. Dkt. 1. The named defendants are Ali Bozorghadad, Parisa Bozorghadad, and Bay Area Auto Care, Inc. (collectively referred to as "Defendants"). *Id.* Plaintiff contends that at the times relevant to Plaintiff's complaint, Defendants Ali and Parisa Bozorghadad owned the real property located at 1198 El Camino Real, Sunnyvale, California, and Defendant Bay Area Auto Care owned the Alliance Gas business located at the same address (the "Gas Station"). *Id.* at ¶¶ 2-11.

Defendants have not appeared in the action or opposed the motion for default judgment. The Court deems the motion for default judgment appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b).

Although Plaintiff has consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) (Dkt. 7), none of the Defendants has consented. Accordingly, the Court directs the clerk to REASSIGN this case to a district judge with the following REPORT AND RECOMMENDATION that Plaintiff's motion for default judgment be DENIED. If all Defendants later consent to magistrate jurisdiction, the case may be reassigned to the undersigned magistrate judge.

## I. BACKGROUND

According to the Complaint, Plaintiff is a level C-5 quadriplegic who uses a wheelchair for mobility and has a specially equipped van. Dkt. 1 (Complaint) at ¶ 1; *see also* Dkt. 24-4 (Johnson

Decl.) at ¶¶ 2-3. Plaintiff's complaint alleges that the configuration of the accessible parking space reserved for persons with disabilities, the path of travel to the outside restroom, and the entrance door hardware at the Gas Station violate Plaintiff's rights under the ADA and the Unruh Act. Dkt. 1 at ¶¶ 17-30.

According to the proofs of service filed by Plaintiff:

- Bay Area Auto Care was served with copies of the summons and complaint by personal service on Defendant Ali Bozorghadad, an agent for service of process on the company, at 700 S. Bernardo Ave., Suite 103, Sunnyvale, California 94087, on November 15, 2017. Dkt. 8.
- Defendants Ali and Parisa Bozorghadad were served with copies of the summons and complaint by substitute service on December 9, 2017, when the documents were left with "Amel 'Doe', person in charge," at "SUNNYVALE UNION 76 1198 W EL CAMINO REAL, Sunnyvale, California 94087," and subsequently mailed to the same address. Dkt. 11, 12. Substitute service was made after unsuccessful attempts to serve the Bozorghadads on December 3, 6, and 9, 2017. *Id.*

None of the Defendants filed an answer or otherwise responded to the complaint. The Clerk of Court entered defaults against Bay Area Auto Care on December 11, 2017, and against Ali and Parisa Bozorghadad on January 22, 2018. Dkt. 10, 15, 16.

Plaintiff now moves for default judgment against all three Defendants. Dkt. 24. Plaintiff filed a proof of service of the motion on all Defendants at the service addresses identified above. Dkt. 24-13. None of the Defendants filed a response to the motion for default judgment.

**II.    LEGAL STANDARD**

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). The Court must also determine whether it has

subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at *3-4.

If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, the Court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Fed. R. Civ. Proc. 54(b) states that "the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." The Ninth Circuit has held that where a complaint alleges that defendants are jointly liable or similarly situated and one of them defaults, "judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

## III. SERVICE OF PROCESS

As indicated above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC,* No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted).

### A. Service on Bay Area Auto Care, Inc.

With regard to service on Defendant Bay Area Auto Care, Inc., Federal Rule of Civil Procedure 4(h)(1)(B) permits service on a corporation "by delivering a copy of the summons and

3

complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Alternatively, Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1) authorize service on a corporation in accordance with state law. California Code of Civil Procedure § 416.10 provides that a corporation may be served by delivering a copy of the summons and complaint to a person designed as agent for service of process or other specified persons associated with the corporation.

Plaintiff contends that service on Bay Area Auto Care was proper because Ali Bozorghadad, who was served on behalf of the corporation, is the registered agent for service. Dkt. 24-1 at 8. The public records report submitted by Plaintiff supports this assertion. *See* Dkt. 24-7 at 4. In addition, that report identifies the corporate address as the same address where Mr. Bozorghadad was served on the corporation's behalf. *Compare id.* with Dkt. 8.

Accordingly, the Court finds that service on Bay Area Auto Care was proper. Nevertheless, the Court RECOMMENDS DENIAL of Plaintiff's motion for default judgment as to Bay Area Auto Care because, as discussed below, Plaintiff has failed to demonstrate that service on Defendants Ali and Parisa Bozorghadad was proper. Under Federal Rule of Civil Procedure 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, ... parties only if the court expressly determines that there is no just reason for delay." Where, as here, the complaint appears to allege that Defendants are jointly liable or similarly situated, the Court RECOMMENDS that default judgment should not be entered against Bay Area Auto Care until the matter has been adjudicated with regard to all Defendants. *See In re First T.D. & Inv., Inc.*, 253 F.3d at 532.

**B.     Service on Defendants Ali and Parisa Bozorghadad**

With regard to service of individual Defendants Ali and Parisa Bozorghadad, the applicable California statute regarding substitute service of individual defendants permits substitute service by leaving a copy of the summons and complaint at the defendant's usual place of abode (i.e., dwelling), usual place of business, or usual mailing address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. § 415.20(b). Copies of the summons and

4

complaint must be left "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *Id.* Substitute service is permitted only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served … ." *Id.* "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (Cal. Ct. App. 1979). Although there is no established formula for reasonable diligence, "[t]wo or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" Weil and Brown, *California Practice Guide: California Civil Procedure Before Trial*, ¶ 4:198 (The Rutter Group June 2019) (citing cases).

There are a number of inconsistencies in the record before the Court concerning service of the Bozorghadads. First, in his motion for default judgment, Plaintiff asserts that "Ali Bozorghadad was personally served on November 15, 2017 at 700 S. Bernardo Ave., Ste 103, Sunnyvale, California," citing the proof of service at Docket 8. Dkt. 24-1 at 8. However, the proof of service at Docket 8 is for service of Bay Area Auto Care by service on its registered agent, Ali Bozorghadad. Dkt. 8. Plaintiff bases his assertion that service on Bay Area Auto Care constituted service on Ali Bozorghadad on an argument that "[b]ecause Ali Bozorghadad is both a defendant and the registered agent for service for his business Bay Area Auto Care, Inc., service was properly made on these two defendants." *Id*. However, on the section in the proof of service form for "[t]he 'Notice to the Person Served' (on summons)," the boxes are checked to indicate that the summons stated that notice was "[o]n behalf of: Bay Area Auto Care, Inc., a California Corporation under the following Code of Civil Procedure section: 416.10 (corporation)." Dkt. 8 at ¶ 6. The box to be checked if service was made on "an individual defendant" is <u>not</u> checked. *Id.* Accordingly, Plaintiff's service of the summons and complaint on Defendant Bay Area Auto Care on November 15, 2017, did not give Defendant Ali Bozorghadad notice that he was also being served as an individual defendant.

Second, although Plaintiff filed separate proofs of service for Ali and Parisa Bozorghadad,

5

indicating that both individual defendants were served by substitute service on December 9, 2017 (Dkt. 11, 12), those proofs of service raise questions about whether the defendants were served at the correct place of business. The proofs of service both identify the location of substitute service on the Bozorghadads as "SUNNYVALE UNION 76 1198 W EL CAMINO REAL Sunnyvale, CA 94087." Dkt. 11 at ¶ 4; Dkt. 12 at ¶ 4. There is no mention of a "Union 76" or "76" gas station in the Complaint or other pleadings in this case. Instead, the Complaint refers repeatedly to an "Alliance Gas" station. Dkt. 1 at ¶¶ 7-11. Similarly, the motion for default judgment, as well as the declarations from Plaintiff and Plaintiff's investigator submitted in support of that motion, repeatedly identify the site as an "Alliance Gas station." Dkt. 24-1 at 1, 2, 4; Dkt. 24-3 at ¶¶ 1, 2, 6; Dkt. 24-4 at ¶¶ 4-5, 9-10. Site photographs submitted in support of the motion for default judgment show a gas station with "Alliance" signage and no "Union 76" or "76" signage at or around the time of service. Dkt. 24-6 at 3-5, 9-11.[1]

Third, there are discrepancies concerning the address where the Bozorghadads were served. The Complaint, motion for default judgment, and supporting declarations identify the address of the relevant gas station as "1198 El Camino Real" in Sunnyvale, with no indication whether the subject business is on West El Camino Real, East El Camino Real, or elsewhere. Dkt. 1 at ¶¶ 2-11; Dkt. 24-1 at 1, 2; Dkt. 24-4 at ¶ 3; Dkt. 24-5 at ¶ 1. However, the proofs of service on the Bozorghadads state that they were served at "1198 W EL CAMINO REAL" in Sunnyvale, indicating that the service address was on <u>West</u> El Camino Real. Dkt. 11 at ¶ 4, Dkt. 12 at ¶ 4. This ambiguity is notable because El Camino Real is a lengthy street with multiple locations involving variations of the 1198 street address.[2] Coupled with the confusion regarding the signage

---

[1] It appears from the site photographs submitted by Plaintiff that the site once may have had "76" signage. Dkt. 24-6 at 13 (captioned "Google Street View May 2008"), 14 (captioned "Google Street View February 2009). However, the same set of photographs show that the "76" signage had been removed at least by May 2016. *Id.* at 15 (captioned "Google Street View May 2016"). The site photographs also show that there was no "76" signage as of September 27, 2017 (*id.* at 3-5) or October 25, 2017 (*id.* at 9-10; *see also id.* at 15 (captioned "Google Street View May 2016")). These photos indicate that the signage remained the same at least through September 2018, with no "76" signage. *Id.* at 16. Therefore, Plaintiff has not demonstrated that there was "76" signage at the time of substitute service on the Bozorghadads on December 9, 2017, and the available evidence suggests otherwise.

[2] A search of Google Maps identifies addresses at 1198 <u>West</u> El Camino Real in Sunnyvale and 1198 <u>East</u> El Camino Real in Santa Clara, approximately 3.6 miles apart. *See*

6

where Plaintiff alleges the Bozorghadads were served, this ambiguity undermines the adequacy of service of process.

Fourth, there are also anomalies in the record as to when the Bozorghadads were served. As discussed above, the proofs of service concerning substitute service on the Bozorghadads indicate they were served on December 9, 2017. Dkt. 11 at ¶ 5(b); Dkt. 12 at ¶ 5(b). But the docket text entered by Plaintiff's counsel when the proofs of service were filed with the Court on December 25, 2017, indicates that service took place on December 25, 2017. *See* ECF docket text for Dkt. 11 and 12. Standing alone, the Court might regard this as a simple typographical error. However, in Plaintiff's requests to the Clerk to enter defaults against the Bozorghadads, as well as the sworn attorney declarations submitted in support of those requests, the date of service was identified as a third date, December 15, 2017. Dkt. 13 at 1; Dkt. 13-1 at ¶ 3; Dkt. 14 at 1; Dkt. 14-1 at ¶ 3. In the current motion for default judgment, Plaintiff takes yet another position, arguing that Defendant Ali Bozorghadad was served (together with Bay Area Auto Care) on November 15, 2017, rather than any of the multiple December 2017 service dates that appear elsewhere in the record. Dkt. 24-1 at 8. Plaintiff has thus taken three or four positions as to when service of the Bozorghadads occurred, the multiplicity of which undermines the adequacy of service of process.

Fifth, and finally, the Court notes that the proofs of service of the Bozorghadads state that the summons and complaint were left with Amel "Doe." Dkt. 11 at ¶ 5(b); Dkt. 12 at ¶ 5(b). This vague identification of the purported person in charge of the place of business where the papers was served is insufficient in light of the other questions that arise from the muddled record Plaintiff has presented.

---

https://www.google.com/maps/dir/1198+W+El+Camino+Real,+Sunnyvale,+CA+94087/1198+E+El+Camino+Real,+Santa+Clara,+CA+95051/@37.3692224,-122.0611615,13z/data=!3m1!4b1!4m14!4m13!1m5!1m1!1s0x808fb6e8d8414e4d:0xb77ff196e4fda2cb!2m2!1d-122.0560769!2d37.3733421!1m5!1m1!1s0x808fb5f0e42daaa3:0x9b9dcbdddeb26513!2m2!1d-122.0001785!2d37.3521297!3e0. There is also an address at 1198 South El Camino Real in San Mateo. https://www.google.com/maps/place/1198+S+El+Camino+Real,+San+Mateo,+CA+94402/@37.5559114,-122.3207394,17z/data=!3m1!4b1!4m5!3m4!1s0x808f9e670fadb63f:0xca4b15c75f22df8e!8m2!3d37.5559114!4d-122.3185454.

In light of the many inconsistencies and uncertainties in Plaintiff's showing concerning how, where, and when the Bozorghadads were served, the Court cannot conclude that service of those individual defendants was proper. Accordingly, the Court RECOMMENDS DENIAL of the motion for default judgment as to Defendants Ali Bozorghadad and Parisa Bozorghadad.

**IV. DISPOSITION**

For the reasons discussed above, Plaintiff has failed to demonstrate that service on Defendants Ali Bozorghadad and Parisa Bozorghadad was proper and thus RECOMMENDS DENIAL of Plaintiff's motion for default judgment as to those Defendants. The Court further RECOMMENDS DENIAL of Plaintiff's motion for default judgment as to Bay Area Auto Care until the matter has been adjudicated with regard to all Defendants. Because Plaintiff has failed to demonstrate that service on all of the Defendants was adequate, the Court finds it unnecessary to consider the other factors regarding entry of default judgment. The Court orders the Clerk to REASSIGN this case to a district, and the Court RECOMMENDS DENIAL of the motion for default judgment as to all Defendants for the reasons discussed above.

Plaintiff shall promptly serve each Defendant with this Report and Recommendation and file a proof of service with the Court. Any party may file objections to this Report and Recommendation within fourteen days. Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**SO ORDERED.**

Dated: February 28, 2020

SUSAN VAN KEULEN
United States Magistrate Judge