UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>ALI BOZORGHADAD, et al.,<br><br>        Defendants. | Case No. 17-cv-06536-HSG<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Scott Johnson filed this action on November 10, 2017, against Defendants Ali Bozorghadad, Parisa Bozorghadad, and Bay Area Auto Care, Inc. for violations of the Americans with Disabilities Act and the California Unruh Civil Rights Act. *See* Dkt. No. 1.  Plaintiff contends that the individual Defendants owned the real property located at 1198 El Camino Real, Sunnyvale, California, and Defendant Bay Area Auto Care owned the Alliance Gas business located at the same address. *See id.* at ¶¶ 2–11.  After almost two years, Plaintiff moved for default judgment as to Defendants. *See* Dkt. No. 24.  This Court adopted Magistrate Judge Susan Van Keulen's report and recommendation denying the motion due to improper service of process. *See* Dkt. No. 30.  The Court then held a telephonic case management conference during which the Court directed Plaintiff to effectuate proper service on all Defendants by April 24, 2020. *See* Dkt. No. 34.

On April 24, Plaintiff filed three proofs of service purporting to serve Defendants. *See* Dkt. Nos. 38–40.  As of the date of this order, Defendants have not appeared in this action.  And in reviewing the proofs of service, the Court remains concerned that Defendants have not been properly served.  The proofs are virtually identical:  All three Defendants appear to have been served via substituted service on April 23, 2020, at 700 S. Bernardo Avenue, Suite 103, in

Sunnyvale, California.  *Id.*  From the accompanying documentation, this appears to be the address for a gas station called "Hadad Enterprise, Inc.," an entity that is not a party in this action.  *Id.*  From a printout from the California Secretary of State website that Plaintiff provided, Defendant Ali Bozorghadad appears listed as the agent for service of process for Hadad Enterprise, Inc.  But in email correspondence from the process server, she explained that "this is a bad address" and asked for a different address.  *Id.*  The process server also noted that she spoke to someone at the business on April 3 "who said he does not know the defendant," and another person on April 15 who "said the defendant is not here."  *Id.*  Yet nevertheless, on April 23, for all three Defendants the process server "serv[ed] personally Jane Doe who identified herself as person in charge.  Middle Eastern female, 40 yrs. Old, 5'6", 130 lbs, black hair."  *See id.*  The Court understands that Plaintiff may have had some difficulty serving Defendants in this action.  Nevertheless, the Court remains concerned about this vague identification of the purported person in charge at a business that is not a party to this action.

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve each defendant with a summons and complaint within ninety days of filing the complaint.  *See* Fed. R. Civ. P. 4(m).  At this point, Plaintiff has had ample time to properly serve Defendants—over two years—but has failed to do so.  Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why the case should not be dismissed for failure to serve Defendants as required by Rule 4(m).  Plaintiff is directed to file his response, of two pages or less, by May 28, 2020.

**IT IS SO ORDERED.**

Dated:  5/26/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2