UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALI BOZORGHADAD, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-06536-HSG<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Scott Johnson filed this action on November 10, 2017, against Defendants Ali Bozorghadad, Parisa Bozorghadad, and Bay Area Auto Care, Inc. for violations of the Americans with Disabilities Act and the California Unruh Civil Rights Act. *See* Dkt. No. 1. Plaintiff contends that the individual Defendants owned the real property located at 1198 El Camino Real, Sunnyvale, California, and Defendant Bay Area Auto Care owned the Alliance Gas business located at the same address. *See id.* at ¶¶ 2–11. After almost two years, Plaintiff moved for default judgment. *See* Dkt. No. 24. This Court adopted Magistrate Judge Susan Van Keulen's report and recommendation denying the motion due to improper service of process of the individual Defendants. *See* Dkt. No. 30.

On April 24, 2020, Plaintiff filed three proofs of service purporting to serve Defendants. *See* Dkt. Nos. 38–40. The proofs are virtually identical: All three Defendants appear to have been served via substituted service on April 23, 2020, at 700 S. Bernardo Avenue, Suite 103, in Sunnyvale, California. *Id.* From the accompanying documentation, this appears to be the address for a gas station called "Hadad Enterprise, Inc.," an entity that is not a party in this action. *Id.* From a printout from the California Secretary of State website that Plaintiff provided, Defendant Ali Bozorghadad appears listed as the agent for service of process for Hadad Enterprise, Inc. But

in email correspondence from the process server, she explained that "this is a bad address" and asked for a different address. *Id.* The process server also noted that she spoke to someone at the business on April 3 "who said he does not know the defendant," and another person on April 15 who "said the defendant is not here." *Id.* Despite all this, on April 23, for all three Defendants the process server "serv[ed] personally Jane Doe who identified herself as person in charge. Middle Eastern female, 40 yrs. Old, 5'6", 130 lbs, black hair." *See id.*

Plaintiff requested that the Clerk enter default against all three Defendants on June 15, 2020, and default was entered on June 17. *See* Dkt. Nos. 44–47. Following entry of default, Plaintiff did not file motions for default judgment. Rather, on June 26, 2020, Defendant Parisa Bozorghadad appeared and requested that the court set aside default as to her. *See* Dkt. No. 48. The Court did so, and the case was referred to Judge Beeler for settlement on September 10, 2020. Since then, Plaintiff has not re-served Defendant Ali Bozorghadad or filed for default judgment against the non-appearing Defendants. Instead, Plaintiff and Parisa Bozorghadad have repeatedly informed the Judge Beeler that they are not ready for a settlement conference because the other Defendants have not yet appeared in the case. The settlement conference was rescheduled from December 10, 2020, to January 20, 2021. *See* Dkt. No. 64. It was rescheduled again to April 14, 2021. *See* Dkt. No. 65. And most recently, the settlement conference was rescheduled at their request to August 17, 2021. *See* Dkt. No. 67.

As of the date of this order, Defendants Ali Bozorghadad and Bay Area Auto Care have not appeared in this action, and the Court has no reason to believe that they will. The Court understands that Plaintiff may have had some difficulty serving Defendants in this action. Nevertheless, in reviewing the proofs of service, the Court remains concerned that Ali Bozorghadad has not been properly served. *See* Dkt. No. 38. The proof of service contains only a vague identification of the purported person in charge at the business and comments from the process server that this was "a bad address." In a subsequent declaration, Plaintiff did not explain these comments, but instead suggested that service was proper. *See* Dkt. No. 42. In any event, Plaintiff does not appear to have taken any steps to move this case forward. To the contrary, over the lengthy history of this case, the Court has had to direct Plaintiff to file status reports, serve

Defendants, and set a case schedule. *See, e.g.*, Dkt. Nos. 20, 34, 41, 53, 56.

At this point, Plaintiff has had ample time to properly serve Ali Bozorghadad—several years in fact—and to move for default judgment against Bay Area Auto Care. But he has failed to do so. Instead, Plaintiff has used these Defendants' failure to appear as an excuse to stall litigation against Parisa Bozorghadad, who has appeared and is represented in this case. Accordingly, the Court **ORDERS** Plaintiff to **SHOW CAUSE** why the case should not be dismissed for failure to prosecute as to Ali Bozorghadad and Bay Area Auto Care. Plaintiff is directed to file his response, of two pages or less, by April 12, 2021. The Court cautions that it is not inclined to give Plaintiff any more time to serve Ali Bozorghadad, and if he now intends to file a belated motion for default judgment as to Bay Area Auto Care, he should do so by no later than April 14, 2021. The Court further **SETS** a case management conference on April 13, 2021, at 1:00 p.m.

In light of COVID-19 and pursuant to General Order No. 72-6, the conference will be held by Zoom Webinar. All lead counsel must call in fifteen minutes before the hearing to test internet, video, and audio capabilities. Counsel, as well as members of the press and public, may access the Zoom Webinar information at: https://www.cand.uscourts.gov/hsg. For call clarity, all those intending to participate during the Zoom Webinar hearing are asked to use a headset. Persons granted remote access to court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings (including those held by telephone or videoconference). *See* General Order 58 at Paragraph III. Any recording of a court proceeding held by video or teleconference, including "screen-shots" or other visual copying of a hearing, is absolutely prohibited. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, or any other sanctions deemed necessary by the court.

**IT IS SO ORDERED.**

Dated: 4/7/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

3