UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>ALI BOZORGHADAD, et al.,<br><br>   Defendants. | Case No. 17-cv-06536-HSG<br><br>**ORDER DISMISSING DEFENDANT ALI BOZORGHADAD** |

The Court finds that over three years after filing this action against Defendants Ali Bozorghadad, Parisa Bozorghadad, and Bay Area Auto Care, Inc., Plaintiff still has failed to properly serve Ali Bozorghadad, and the Court *sua sponte* **DISMISSES** him from this action under Federal Rule of Civil Procedure 4(m).

## I.   BACKGROUND

Plaintiff Scott Johnson filed this action on November 10, 2017, against all three Defendants for violations of the Americans with Disabilities Act and the California Unruh Civil Rights Act. *See* Dkt. No. 1. Plaintiff contends that the individual Defendants owned the real property located at 1198 El Camino Real, Sunnyvale, California, and Defendant Bay Area Auto Care owned the Alliance Gas business located at the same address. *See id.* at ¶¶ 2–11. After almost two years, Plaintiff moved for default judgment. *See* Dkt. No. 24. This Court adopted Magistrate Judge Susan Van Keulen's report and recommendation denying the motion due to improper service of process of the individual Defendants. *See* Dkt. No. 30. Judge Van Keulen noted that "[t]here [were] a number of inconsistencies in the record before the Court concerning service of the Bozorghadads." Dkt. No. 26 at 5.

During a case management conference on March 19, 2020, the Court directed Plaintiff to

1  serve the individual Defendants by April 24. *See* Dkt. No. 34. On April 24, 2020, Plaintiff filed
2  three proofs of service purporting to re-serve all Defendants. *See* Dkt. Nos. 38–40. The proofs are
3  virtually identical, and the Bozorghadads appear to have been served via substituted service on
4  April 23, 2020, at 700 S. Bernardo Avenue, Suite 103, in Sunnyvale, California. *Id.* From the
5  accompanying documentation, this appears to be the address for a gas station called "Hadad
6  Enterprise, Inc.," an entity that is not a party in this action. *Id.* From a printout from the
7  California Secretary of State website that Plaintiff provided, Defendant Ali Bozorghadad appears
8  listed as the agent for service of process for Hadad Enterprise, Inc. But in email correspondence
9  from the process server, she explained that "this is a bad address" and asked for a different
10 address. *Id.* The process server also noted that she spoke to someone at the business on April 3
11 "who said he does not know the defendant," and another person on April 15 who "said the
12 defendant is not here." *Id.* Despite all this, on April 23, for all three Defendants the process
13 server "serv[ed] personally Jane Doe who identified herself as person in charge. Middle Eastern
14 female, 40 yrs. Old, 5'6", 130 lbs, black hair." *See id.*

15     The Court raised concerns with this substituted service in an order to show cause. *See* Dkt.
16 No. 41. Nevertheless, Plaintiff moved for entry of default as to all three Defendants on June 15,
17 2020. *See* Dkt. Nos. 44–46. Parisa Bozorghadad subsequently appeared in this case, and at the
18 parties' request, the Court set aside Plaintiff's request for entry of default as to Parisa
19 Bozorghadad on June 29, 2020. *See* Dkt. No. 49. The Court then filed another order to show
20 cause why the case should not be dismissed as to Defendants Ali Bozorghadad and Bay Area Auto
21 Care. *See* Dkt. No. 68. As of the date of this order, however, Defendants Ali Bozorghadad and
22 Bay Area Auto Care have not appeared in this action.

23 **II.    DISCUSSION**

24     "If a defendant is not served within 90 days after the complaint is filed, the court—on
25 motion or on its own after notice to the plaintiff—must dismiss the action without prejudice
26 against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

27     Here, Plaintiff has had ample opportunity to serve Ali Bozorghadad over the last several
28 years. Judge Van Keulen first raised concerns with service in February 2020. *See* Dkt. No. 26.

United States District Court
Northern District of California

This Court then directed that Plaintiff serve the individual Defendants by April 24, 2020. *See* Dkt. No. 34. The Court then expressed its own concerns with the new proofs of service in two separate orders to show cause, and during the subsequent case management conferences. *See* Dkt. No. 41, 68. In reviewing the proof of service, the Court finds that Ali Bozorghadad has not been properly served. *See* Dkt. No. 38. The most recent proof of service contains only a vague identification of the purported person in charge at the business and comments from the process server that this was "a bad address." In a subsequent declaration filed in response to the order to show cause, Plaintiff did not explain these comments, but instead suggested in conclusory fashion that service was nevertheless proper. *See* Dkt. No. 42. The Court disagrees. And in the intervening time, Plaintiff has not attempted to re-serve Ali Bozorghadad. The Court understands that Plaintiff may have had some difficulty serving Defendants in this action, but this does not absolve Plaintiff of his obligation to timely serve Defendants under Rule 4(m). To the extent Plaintiff believes that service on Ali Bozorghadad was proper, this argument is preserved, and he may raise this issue on appeal. But given the lengthy history of this case and the numerous opportunities that this Court has already provided Plaintiff to serve Defendants, the Court concludes that more time to serve Ali Bozorghadad is unwarranted.

## III.    CONCLUSION

Accordingly, the Court **DISMISSES** this action against Ali Bozorghadad without prejudice. The scheduling order remains in effect as to the remaining parties. *See* Dkt. No. 72. The Court cautions Plaintiff that the Court will consider dismissing Bay Area Auto for failure to prosecute if Plaintiff does not move for entry of default judgment by the December 16, 2021 deadline. *Id.*

**IT IS SO ORDERED.**

Dated: 4/27/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge